**RECORD NO. 13-4101**

# IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v. 

CHRISTOPHER TODD HARRIS,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

**OPENING BRIEF OF APPELLANT
CHRISTOPHER TODD HARRIS**

Louis H. Lang
CALLISON TIGHE & ROBINSON, LLC
1812 Lincoln Street, Suite 200 (29201)
Post Office Box 1390
Columbia, SC 29202-1390
(803) 404-6900 Telephone
louislang@callisontighe.com

*Counsel for Appellant*

May 23, 2013

## TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CASES, STATUTES AND OTHER AUTHORITIES . . . . . . . . . . . ii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION . . 1

ISSUE PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.

Appellant's sentence should be vacated, in part, and this matter remanded for re-sentencing because defense counsel failed to raise the possible effect of *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011), on the district court's conclusion Appellant was a career offender under the advisory sentencing guidelines.. . . . . . . . . . . . . . . . . . . . .  6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ADDENDUM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

<u>TABLE OF CASES, STATUTES AND OTHER AUTHORITIES</u>

A.   CASES.                                                        <u>PAGE</u>

*United States v. Baldovinos,*
434 F.3d 233, 239 (4th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*United States v. Butner,*
277 F.3d 481 (4th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Council,*
2012 WL 185251 (4th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Defusco,*
949 F.2d 114, 120 (4th Cir. 1991),
cert denied, 503 U.S. 997 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. King,*
119 F.3d 290, 295 (4th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*United States v. Lurz,*
666 F. 2d 69, 78 (4th Cir. 1981)
*cert denied*, 455 U.S. 1005 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Rodriguez,*
676 F.3d 183 (D.C. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Simmons,*
649 F.3d 237 (4th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5, 6, 7, 8, 9, 10

*United States v. Yancey,*
2012 WL 313753 (4th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

B.   STATUTORY CITATIONS AND OTHER AUTHORITY.

18 U.S.C. § 3553(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C. § 3742 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 841(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 841(b)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

GS 14-39(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

GS 90-95-(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

USSG § 5C1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This case arises from the conviction, based on a plea of guilty, and sentence of Appellant, Christopher Todd Harris (Harris). This Court has subject matter jurisdiction over the within appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## ISSUES PRESENTED FOR REVIEW

### I.

Should Appellant's sentence be vacated, in part, and the matter remanded for re-sentencing in light of defense counsel's failure to raise the possible effect of *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011), on the district court's conclusion Appellant was a career offender under the advisory sentencing guidelines?

## STATEMENT OF THE CASE

Harris was charged in a third superseding indictment with a marijuana drug conspiracy (Count 1) and manufacturing and possession with intent to distribute 100 or more marijuana plants (Count 6), in violation, respectively, of 21 U.S.C. §§841(a)(1), 841(b)(1)(A), and 841(b)(1)(B). (Third Superseding Indictment, JA Vol I, p. 15).

Pursuant to a written plea agreement (JA Vol. II, P. 56), on December 7, 2011, Harris pleaded guilty to Count 6. (Docket entry No. 253 and Judgment in a Criminal

1

Case, JA Vol. I, pp. 10 and 50). On January 30, 2013, the district court sentenced Harris to a term of imprisonment of 240 months, followed by 8 years of supervised release. (Judgment in a Criminal Case, JA. Vol. I, p. 50). Judgment was entered on January 31, 2013. (*Id.*). The Notice of Appeal was filed February 7, 2013. (Docket Entry No. 459, JA. Vol. I, p. 13).

<u>STATEMENT OF FACTS</u>

The pre-sentence investigation report (PSR) concluded Harris was a career offender under the advisory guidelines (PSR, JA Vol. II, p. 83). This was based on paragraphs 44, 45 and 46 of the PSR which related certain of Harris' North Carolina state court convictions which the PSR determined were predicate offenses to career offender status. The PSR predicate offenses are as follows:

1.  Felony possession with intent to sell/deliver cocaine (paragraph 44);

2.  Felony second degree kidnaping (paragraph 45);

3.  Felony possession with intent to sell/deliver marijuana (paragraph 46);

4.  Felony possession with intent to manufacture, sell/deliver a Schedule I controlled substance (paragraph 46);

5.  Felony manufacture of cocaine (paragraph 46); and

6.  Felony possession with intent to sell/deliver cocaine (paragraph 46).

(JA Vol. II, pp. 76-77).

2

The PSR said Harris was sentenced on conviction number 1 to 11-14 months imprisonment. He received a sentence of 23 to 37 months on conviction number 2. On conviction numbers 3, 4, 5 and 6, Harris received a sentence of 8 to 10 months for each with convictions 3 and 5 being "consolidated." (PSR, Vol. II, pp. 76-77).

As a career offender, Harris' advisory guideline total offense level was 37, criminal history category VI, for an advisory guideline imprisonment range of 360 months to life. (PSR, JA Vol. II, p. 86). Without the career offender advisory guideline enhancement, Harris' total offense advisory guideline level was 30, criminal history category IV, for an advisory guideline imprisonment range of 135 to 168 months imprisonment. (PSR, JA Vol. II, pp. 80 and 83). Harris submitted objections to the PSR in regard to his release status and paragraphs 16, 18, 19, 20, 22, 24, 27 and 29 of the PSR. The probation officer rejecting all of these objections. (PSR Addendum, JA Vol. II, p. 88).

At sentencing, it appears Harris withdrew all his objections.[1]  Harris did, however, request a sentence below the advisory guideline range of 10 years imprisonment. (Defendant's sentencing memorandum in support of a non-guideline sentence, JA Vol. I, p. 21).   The district court sentenced Harris to a term of imprisonment of 240 months.  (Judgment in a Criminal Case, JA Vol. I, p. 50).

Nothing in the record shows Harris' counsel considered whether the offenses identified in the PSR as predicate offenses to career offender status were felonies given North Carolina's "unique statutory [sentencing] regime...."  *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011).

## SUMMARY OF ARGUMENTS

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal, *United States v. King,* 119 F.3d 290, 295 (4th Cir. 1997), except where the record conclusively establishes ineffective assistance, *United States v. Baldovinos,* 434 F.3d 233, 239 (4th Cir. 2006).

---

[1]  The court: Are there any objections to the statements made in the [PSR]?
Counsel for Harris: Other than the ones we filed, your Honor?
The court: All of those still outstanding?
Counsel for Harris: No, sir, no, they're not.  No, there's (sic) no new objections, no sir.
The court: No objections?
Counsel for Harris: No sir.
The court: In that case, I'll adopt the statements of the [PSR] as my findings of fact....
Sentencing Hearing, JA Vol. I, p. 27 l. 24-p. 28 l. 9

4

Harris' sentencing hearing occurred on January 30, 2013. *Simmons* was decided August 17, 2011. Harris' career offender status more than doubled the bottom of his advisory guideline imprisonment range - from 135 months to 360 months. Three of the PSR career-offender-predicate convictions, i.e. those for which he received an 8 to 10 month sentence of incarceration, do not appear to be felony convictions under *Simmons*. The PSR career-offender-predicate conviction for which Harris received a sentence of 11 to 14 months could be a felony conviction under *Simmons* but may not be. Because this issue was not raised at sentencing, and is not addressed in the PSR, it is not possible, based on this record, to determine which any certainty whether Harris was in fact an advisory guideline career offender.

Harris respectfully submits the record conclusively establishes ineffective assistance of counsel, his sentence should be vacated in part and the matter remanded for resentencing to consider the effect of *Simmons* on Harris' advisory guideline calculation.

## ARGUMENT

### I.

Appellant's sentence should be vacated, in part, and this matter remanded for re-sentencing because defense counsel failed to raise the possible effect of *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011), on the district court's conclusion Appellant was a career offender under the advisory sentencing guidelines.

### *A.  Standard of Review*

Harris respectfully submits there are no contested issues of fact in regard to the issue on appeal.  Accordingly, this review involves an error of law which is reviewed *de novo*.  *United States v. Butner,* 277 F.3d 481 (4th Cir. 2002).

### *B.  Argument*

*Simmons* considered the "unique statutory regime mandated by the North Carolina Structured Sentencing Act" in the context of whether the defendant was subject to an enhanced mandatory minimum sentence provided by the federal Controlled Substances Act (CSA) for offenders who have a prior felony drug conviction which is defined by the CSA as a drug-related offense punishable by imprisonment for more than one year.  In *United States v. Yancey,* 2012 WL 313752 (4th Cir. 2012), the Court applied the *Simmons* analysis to career offender status under the guidelines which defines a predicate felony drug offense  similarly.

6

North Carolina's structured sentencing scheme mandates sentences which are "strictly contingent on two factors: the designated 'class of offense' and the offender's 'prior record level,'..." which are both established by statute. *Simmons* at 240. A North Carolina offender's prior record level is determined by the sentencing judge by adding together the point levels (which are assigned by statute) of each of the offender's prior convictions. Once the offense classification and prior level are established, the sentencing judge refers to a statutory sentencing table which provides the judge with three possible sentencing ranges - a mitigated range, a presumptive range, and an enhanced range. The presumptive range governs unless the judge makes written findings that identify specific factors, separately designated by statute, that permit a departure to the aggravated or mitigated range. *Id.*

The PSR's predicate drug offenses (paragraphs 44 and 46) appear to be class H drug offenses. GS 90-95(b)(1). Class H drug offenses carry a presumptive sentence of 12 months or less for all prior record levels of IV or less. The only presumptive sentences of greater than 12 months available for Class H drug offenses are for those offenders with a prior record level of V or greater. Enhanced range sentences for Class H drug offenses greater than 12 months begin with offenders having a prior record level of IV (11-14 months) or greater.

7

The PSR says the drug offenses noted in paragraph 46 carried a sentence of 8 to 10 months imprisonment. (JA Vol. II, p. 77). However, it does not appear the probation officer who prepared the PSR actually reviewed the North Carolina judgments concerning theses offenses. The PSR says "[t]he following information [concerning the paragraph 46 offenses] was provided via a collateral response received from the Middle District of North Carolina, Durham Division." (JA Vol. II, p. 78). Assuming, in any event, the PSR accurately reflects the North Carolina state court judgments, per *Simmons,* none of these offenses are federal felonies and, therefore, none would be predicate offenses for career offender status determination.

The PSR says the single drug offense noted in paragraph 44 carried an 11 to 14 month sentence. (JA Vol. I, p. 77). Again, however, it does not appear the probation officer reviewed the actual North Carolina judgment concerning this offense as this paragraph begins with the same disclaimer as paragraph 45 - "[t]he following information was provided via collateral response received from the Middle District of North Carolina, Greensboro Division."[2] (PSR, JA Vol. I, p. 78)

Whether the PSR paragraph 44 and 46 drug-related offenses are truly predicate offenses to career offender status is simply speculation, however, given counsel's

---

[2] The felony second degree kidnaping charge reflected in paragraph 45 of the PSR is class E felony. GS 14-39(b). No class E felonies appear to carry a sentence of 12 months or less.

failure to raise any *Simmons* issues regarding Harris' advisory guideline career offender status.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal, *United States v. King,* 119 F.3d 290, 295 (4th Cir. 1997), except where the record conclusively establishes ineffective assistance. *United States v. Baldovinos,* 434 F.3d 233, 239 (4th Cir. 2006). The basis for the general rule that ineffective assistance of counsel claims are not cognizable on direct appeal was explained in *United States v. Defusco,* 949 F.2d 114, 120 (4th Cir. 1991), *cert. denied* 503 U.S. 997 (1992). "[T]he issue [ineffective assistance of counsel] was not preserved in the record below, and it would be unfair to adjudicate the issue without any statement from counsel." Without an adequate record to resolve the issue, "it is impossible to make a reasoned judgment as to whether or not representation was ineffectual." *United States v. Lurz,* 666 F.2d 69, 78 (4th Cir. 1981), *cert denied* 455 U.S. 1005 (1982).

Harris submits the record here is clear. Since *Simmons* was decided, this court has remanded at least 67 cases to the district courts for consideration of *Simmons* issues. Of these 67 cases, 66 were remanded prior to Harris' sentencing hearing. While based on the record in the district court, Harris cannot establish conclusively he lacked the requisite two predicate offenses to establish his career offender status,

9

the PSR-paragraph 46 drug offenses do not appear to be predicate offenses while there is nothing in this record to establish, conclusively, the PSR-paragraph 44 drug offense is a predicate offense.

Counsel has not been able to discover any Fourth Circuit Court of Appeals case where an ineffective assistance of counsel claim was considered on direct appeal. Other circuits have, albeit rarely, considered such claims on direct appeal.  For example, in *United States v. Rodriguez,* 676 F.3d 183 (D.C. Cir. 2012), the Circuit Court for the District of Columbia considered an ineffective assistance of counsel claim on direct appeal in an instance where defense counsel failed to assert his client was entitled to the benefit of the safety-valve provisions of 18 U.S.C. §3553(f) and § 5C1.1 of the advisory guidelines.  The record in *Rodriguez* was more developed in regard to the safety-valve issue than the record here in regard to the career offender predicate offenses.  However, this Court has in the past year in an unpublished decision, vacated in part the sentence of a defendant where a *Simmons* issue was raised and remanded to enable to district court to consider "in the first instance" whether the defendant's North Carolina conviction was properly considered a predicate offense to his classification as a career offender.  *Yancey, supra*.  Although the *Simmons* issue was raised in *Yancey* in the district court, this Court has also

10

recently recognized, again in an unpublished decision, a *Simmons* issue as plain error.

*United States v. Council,* 2012 WL 185251 (4th Cir. 2012).

CONCLUSION

Based on the foregoing, Harris respectfully submits his sentence should be vacated in part and the matter remanded to the district court for consideration of whether he was properly classified as a career offender under the advisory sentencing guidelines.

CALLISON TIGHE & ROBINSON, LLC

/s/  Louis H. Lang
Louis H. Lang, Esq.
Fed. I.D. No. 240
1812 Lincoln Street, Suite 200
PO Box 1390
Columbia SC  29202-1390
Telephone:  (803) 404-6900
Attorneys for Appellant

May 23, 2013
Columbia, South Carolina

<u>CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), as this brief contains <u>11 pages</u>.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), as this brief has been prepared in a proportionally spaced typeface using <u>Corel WordPerfect in 14 point Times New Roman font</u>.

Date:  May 23, 2013

/s/  Louis H. Lang
*Counsel for Appellees*

12

RECORD NO. 13-4101
CR. NO. 2:10-cr-01198-CWH-3

_____

IN THE

# United States Court of Appeals

FOR THE FOURTH CIRCUIT

_____

## UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

## CHRISTOPHER HARRIS, a/k/a Christopher Todd Harris,

Defendant-Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

_____

CERTIFICATE OF SERVICE

_____


The undersigned, hereby certifies that on May 23, 2013, he served one (1) copy of the attached Appellant's Opening Brief, on the below listed individuals by placing the same in the United States mail, postage prepaid, and addressed as follows:

13

Robert Nicholas Bianchi
U.S. Attorney's Office
PO Box 876
Charleston SC 29402

s/ Louis H. Lang, Esq.
CALLISON TIGHE & ROBINSON, LLC
Louis H. Lang, Esq.
Fed. I.D. No. 240
PO Box 1390
Columbia SC  29202-1390
Telephone:  (803) 404-6900

Attorneys for Christopher Harris

May 23, 2013
Columbia, South Carolina

14

ADDENDUM

United States v. Antwain Devon Council,
        462 Fed.Appx 312, 2101 WL 185251 (4th Cir. 2012)

United States v. Anthony Sean Yancey,
        463 Fed.Appx. 202, 2012 WL 313752 (4th Cir. 2012)



462 Fed.Appx. 312, 2012 WL 185251 (C.A.4 (N.C.))
(Not Selected for publication in the Federal Reporter)

(Cite as: 462 Fed.Appx. 312, 2012 WL 185251 (C.A.4 (N.C.)))

C

This case was not selected for publication in the Federal Reporter.
Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Fourth Circuit Rule 32.1 (Find CTA4 Rule 32.1)

United States Court of Appeals,

Fourth Circuit.

UNITED STATES of America, Plaintiff–Appellee,
v.
ANTWAIN DEVON COUNCIL, Defendant–Appellant.
No. 09–4073.

Submitted: Jan. 12, 2012.
Decided: Jan. 24, 2012.

**Background:** Defendant was convicted of possession of firearm and ammunition by convicted felon, following jury trial in the United States District Court for the Eastern District of North Carolina, Louise W. Flanagan, J., and was sentenced to 235 months' imprisonment. Defendant appealed.

**Holdings:** The Court of Appeals held that:

(1) evidence was sufficient to support conviction;
(2) defendant's prior state conviction was not violent felony within meaning of Armed Career Criminal Act (ACCA); and
(3) trial court's error in sentencing defendant as armed career criminal affected defendant's substantial rights.

Affirmed in part, vacated in part, and remanded.

West Headnotes

**[1] Weapons 406 ⬥293(3)**

406 Weapons
    406V Prosecution
        406V(E) Weight and Sufficiency of Evidence
            406k289 Possession, Use, Carrying
                406k293 Possession After Conviction of Crime
                    406k293(3) k. Possession. Most Cited Cases
    Evidence that there was direct contact between defendant's legs and firearm was sufficient to establish that defendant possessed firearm, as required to support conviction for possession of firearm and ammunition by convicted felon. 18 U.S.C.A. §§ 922(g)(1), 924.

**[2] Sentencing and Punishment 350H ⬥1285**

350H Sentencing and Punishment
    350HVI Habitual and Career Offenders
        350HVI(C) Offenses Usable for Enhancement
            350HVI(C)2 Offenses in Other Jurisdictions
                350Hk1283 Violent or Nonviolent Character of Offense
                    350Hk1285 k. Particular offenses. Most Cited Cases
    Defendant's prior North Carolina state conviction for eluding arrest with a motor vehicle was not violent felony within meaning of Armed Career Criminal Act (ACCA); under North Carolina Structured Sentencing Act, defendant could only have been imprisoned for term exceeding one year if he received sentence in aggravated range, and record did not indicate that defendant received aggravated sentence. West's N.C.G.S.A. § 15A–1340.17(c, d); 18 U.S.C.A. § 924(e)(1), (e)(2)(B)(i, ii).

**[3] Criminal Law 110 ⬥1042.5**

110 Criminal Law
    110XXIV Review

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

462 Fed.Appx. 312, 2012 WL 185251 (C.A.4 (N.C.))
(Not Selected for publication in the Federal Reporter)

(Cite as: 462 Fed.Appx. 312, 2012 WL 185251 (C.A.4 (N.C.)))

110XXIV(E) Presentation and Reservation in Lower Court of Grounds of Review
110XXIV(E)1 In General
110k1042.5 k. Habitual and second offenders. Most Cited Cases

District court's error in sentencing defendant as armed career criminal affected defendant's substantial rights, as supported vacatur of sentence in prosecution for felon in possession of firearm and ammunition; had defendant not been classified as armed career criminal, statutory maximum of his conviction would have been 10 years, barely more than half the length of 235-month sentence actually imposed. 18 U.S.C.A. §§ 922(g)(1), 924.

**\*312** Appeal from the United States District Court for the Eastern District of North **\*313** Carolina, at New Bern. Louise W. Flanagan, District Judge. (5:07–cr–00199–FL–1).Rudolph A. Ashton, III, McCotter, Ashton & Smith, P.A., New Bern, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May–Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

**\*\*1** Antwain Devon Council was convicted after a jury trial of one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006), and was sentenced as an armed career criminal to 235 months' imprisonment. On appeal, Council challenges his conviction and sentence, arguing that the evidence is insufficient to support his conviction and that the district court erred in denying his motion for a downward departure and in sentencing him as an armed career criminal. We conclude that the evidence is sufficient to support Council's conviction and that, although the district court's denial of his motion for a downward departure is not reviewable, resentencing in

light of United States v. Simmons, 649 F.3d 237 (4th Cir.2011) (en banc), is warranted. Accordingly, we affirm Council's conviction, vacate his sentence, and remand for resentencing.

We review de novo the district court's denial of a Rule 29 motion for judgment of acquittal. United States v. Green, 599 F.3d 360, 367 (4th Cir.), cert. denied, ––– U.S. ––––, 131 S.Ct. 271, 178 L.Ed.2d 179 (2010). When a defendant challenges the sufficiency of the evidence supporting the jury's guilty verdict, we view the evidence and all reasonable inferences in favor of the Government and will uphold the jury's verdict if it is supported by substantial evidence. United States v. Cameron, 573 F.3d 179, 183 (4th Cir.2009). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In reviewing for substantial evidence, we will not weigh evidence or review witness credibility. United States v. Wilson, 118 F.3d 228, 234 (4th Cir.1997). Rather, it is the role of the jury to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence. United States v. Manbeck, 744 F.2d 360, 392 (4th Cir.1984).

To convict Council of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), the Government was required to prove that he: (1) was previously convicted of a crime punishable by a term of imprisonment exceeding one year; (2) knowingly possessed, transported, or received the firearm and ammunition; and (3) that the possession was in or affecting commerce, because the firearm and ammunition had traveled in interstate or foreign commerce. United States v. Langley, 62 F.3d 602, 606 (4th Cir.1995) (en banc). The Government need not produce evidence of actual possession; constructive possession is sufficient. United States v. Gallimore, 247 F.3d 134, 136–37 (4th Cir.2001). The Government may prove constructive possession by demonstrating that the defendant "exercised, or had the power to exercise, dominion and control over the item." Id. at 137 (internal quotation marks omitted).

**\*314** [1] Contrary to Council's assertion, the evidence viewed in the light most favorable to the Government

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

462 Fed.Appx. 312, 2012 WL 185251 (C.A.4 (N.C.))
(Not Selected for publication in the Federal Reporter)

(Cite as: 462 Fed.Appx. 312, 2012 WL 185251 (C.A.4 (N.C.)))

establishes well more than his mere proximity to the firearm. Indeed, if believed, it establishes direct contact between Council's legs and the firearm. From this evidence, we conclude a rational trier of fact could have concluded that Council possessed the firearm the officers seized, thereby satisfying the possession element of § 922(g)(1). *See, e.g., United States v. Johnson,* 55 F.3d 976, 979 (4th Cir.1995) (distinguishing *United States v. Blue,* 957 F.2d 106 (4th Cir.1992), and holding evidence of constructive possession sufficient to support § 922(g) conviction where defendant had bodily contact with a "dark object," was observed placing his arm outside the driver's window of a vehicle and dropping the object, and where a search of the area several minutes later uncovered a firearm).

**2 Next, Council argues that the district court erred in refusing to grant his request for a downward departure under *U.S. Sentencing Guidelines Manual* ("USSG") §§ 4A1.3, p.s., and 5K2.0, p.s. (2007). As Council recognizes, however, a district court's refusal to depart from the applicable Guidelines sentence does not provide a basis for appeal under 18 U.S.C. § 3742 (2006), "unless the court failed to understand its authority to do so." *United States v. Brewer,* 520 F.3d 367, 371 (4th Cir.2008). After review of Council's briefs and the record on appeal, we find no evidence that the district court failed to understand its authority to depart.

Finally, Council argues that the district court erred in sentencing him as an armed career criminal because his prior North Carolina state conviction for eluding arrest with a motor vehicle is not a violent felony. The Armed Career Criminal Act's ("ACCA") provision for an enhanced sentence—a statutory range of fifteen years to life in prison—is applicable to a defendant who violates 18 U.S.C. § 922(g)(1) and has "three previous convictions ... for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1); USSG § 4B1.4(a) & cmt. n. 1. A "violent felony" is an offense punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of

physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)–(ii).

[2] Council asserts that his prior state conviction was not punishable by imprisonment for a term exceeding one year. *See* N.C. Gen.Stat. § 15A–1340.17(c)–(d) (2009) (setting forth minimum and maximum sentences applicable under the North Carolina Structured Sentencing Act). Council, however, did not raise this argument in the district court. Accordingly, our review is for plain error. *United States v. Hargrove,* 625 F.3d 170, 184 (4th Cir.2010), *cert. denied,* ––– U.S. ––––, 132 S.Ct. 292, 181 L.Ed.2d 177 (2011). To establish plain error, Council must demonstrate that (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Even if Council makes this showing, however, we exercise our discretion to correct plain error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Lynn,* 592 F.3d 572, 577 (4th Cir.2010) (internal quotation marks omitted). We conclude after review of the record that Council has met his burden to establish plain error.

Council's prior state conviction is a Class H felony under North Carolina law. Although the record does not contain a copy of Council's state judgment, it appears after **315 review of the presentence report that the district court adopted that Council's prior state record level was Level III. N.C. Gen.Stat. §§ 14–72.2(a), (b), 14–127, 14–160(a), 14–223, 15A–1340.14(a), (b)(4)–(5), (7), (c)(3), (d), 20–106, 90–90, 90–95(a)(1), (3), (b)(1), (d)(4) (2009). Under the North Carolina Structured Sentencing Act, with a prior record in Level III, Council could only have been imprisoned for a term exceeding one year for his conviction for eluding arrest with a motor vehicle if he received a sentence in the aggravated range. N.C. Gen.Stat. § 15A–1340.17(c)–(d). The present record does not indicate that Council received an aggravated sentence. Therefore, because it appears that the conviction was not a proper predicate conviction for purposes of the ACCA, the district court erred by sentencing Council as an armed career criminal.[FN1]

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

462 Fed.Appx. 312, 2012 WL 185251 (C.A.4 (N.C.))
(Not Selected for publication in the Federal Reporter)

(Cite as: 462 Fed.Appx. 312, 2012 WL 185251 (C.A.4 (N.C.)))

FN1. This determination, of course, implies no criticism of the experienced district judge, who dutifully applied then-authoritative Circuit precedent at Council's sentencing.

**\*\*3** [3] We also hold that the district court's error was "plain." For purposes of plain error review, " '[p]lain' is synonymous with 'clear' or, equivalently, 'obvious.' " *Olano,* 507 U.S. at 734, 113 S.Ct. 1770. "An error is plain where the law at the time of trial was settled and clearly contrary to the law at the time of appeal." *United States v. Hughes,* 401 F.3d 540, 547 (4th Cir.2005) (internal quotation marks omitted). When Council objected to his classification as an armed career criminal in the district court, any objection based on his sentence exposure for his prior state offense was foreclosed by this court's decision in *United States v. Harp,* 406 F.3d 242, 246 (4th Cir.2005). Because ***Simmons*** has now overruled *Harp,* however, the district court's **error** was **plain.** *Simmons,* 649 F.3d at 241 ("[W]e now conclude that *Harp* no longer remains good law."). The error also affected Council's substantial rights. Had Council not been classified as an armed career criminal, the statutory maximum for his § 922(g) conviction would have been ten years, barely more than half the length of the 235–month sentence actually imposed.

Because Council received a longer sentence than he could have received were it not for his classification as an armed career criminal, we find it appropriate to notice the district court's sentencing error. Accordingly, we affirm Council's conviction, vacate his sentence, and remand for resentencing under *Simmons.*[FN2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

FN2. In light of our disposition, we need not address Council's arguments that his prior state conviction does not "otherwise involve [ ] conduct that presents a serious potential risk of physical injury to another."

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED.*

C.A.4 (N.C.),2012.

U.S. v. Antwain Devon Council
462 Fed.Appx. 312, 2012 WL 185251 (C.A.4 (N.C.))
END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.



463 Fed.Appx. 202, 2012 WL 313752 (C.A.4 (N.C.))
(Not Selected for publication in the Federal Reporter)

(Cite as: 463 Fed.Appx. 202, 2012 WL 313752 (C.A.4 (N.C.)))



This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007.  See also Fourth Circuit Rule 32.1 (Find CTA4 Rule 32.1)

United States Court of Appeals,

Fourth Circuit.
UNITED STATES of America, Plaintiff—Appellee,
v.
Anthony Sean YANCEY, a/k/a Shizz,
Defendant—Appellant.
No. 11–4792.

Submitted: Jan. 27, 2012.
Decided: Feb. 2, 2012.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:10–cr–00106–FL–1).

Stacey A. Phipps, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May–Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.
Before SHEDD, WYNN, and FLOYD, Circuit Judges.

Dismissed in part, vacated in part, and remanded by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.
PER CURIAM:

**\*\*1** Anthony Sean Yancey pled guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (2006), and was sentenced to 155 months in prison. On appeal, Yancey asserts that his base offense level was incorrectly increased based on his purported career offender status because he argues that after *United States v. Simmons,* 649 F.3d 237 (4th Cir.2011), he has only one proper career offender predicate offense. Yancey also asserts that his sentence is unlawful because the district court calculated the drug weights with which to attribute him at sentencing based not on actual drug weight, but on statements made by confidential informants. Relying on the waiver of appellate rights in Yancey's plea agreement, the Government urges the dismissal of this appeal as to Yancey's drug weight calculation argument, and asks that we affirm as to Yancey's career offender classification. We **\*203** dismiss in part, vacate in part, and remand.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. *United States v. Poindexter,* 492 F.3d 263, 270 (4th Cir.2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed.R.Crim.P. 11, the waiver is both valid and enforceable. *United States v. Johnson,* 410 F.3d 137, 151 (4th Cir.2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. *United States v. Blick,* 408 F.3d 162, 168 (4th Cir.2005). We conclude that Yancey knowingly and voluntarily waived the right to appeal any sentence imposed, reserving only the right to appeal a sentence above the Guidelines range calculated at sentencing and claims of ineffective assistance of counsel or prosecutorial misconduct. Because the waiver is valid and precludes Yancey's challenge as to the district court's drug weight calculation, we dismiss the appeal in part.

Yancey's appellate waiver does not bar his claim that he was improperly classified as a career offender.[FN1] The parties agree that Yancey's career offender classification depends on whether Yancey's September 13, 2007 North Carolina conviction for possession with intent to sell and deliver ecstasy, for which Yancey was sentenced to nine to eleven months in prison, remains a proper career offender predicate offense after *Simmons,* 649 F.3d at 244

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

463 Fed.Appx. 202, 2012 WL 313752 (C.A.4 (N.C.))
(Not Selected for publication in the Federal Reporter)

(Cite as: 463 Fed.Appx. 202, 2012 WL 313752 (C.A.4 (N.C.)))

(holding that a district court must look to whether a particular defendant could receive more than one year in prison based upon his offense class and prior record level to determine whether a prior North Carolina conviction may serve as a career offender predicate offense.)

> FN1. The Government agreed at sentencing that Yancey could appeal his career offender classification.

Under the North Carolina Structured Sentencing Act, sentences are contingent on two factors: the designated "class of offense" and the offender's "prior record level." N.C. Gen.Stat. § 15A–1340.13(b) (2009). Although the Government has included as an addendum to its appellate brief a copy of Yancey's state judgment of conviction, which suggests that the September 13th conviction was for a Class H offense, and that his prior record level was IV, the district court record is devoid of evidence establishing whether the conviction remains a proper career offender predicate offense after *Simmons.* Because the district court had no opportunity to consider the judgment of conviction for the September 13th conviction, and since the parties were not given the opportunity to litigate the judgment's validity or gauge its implication, we decline to take judicial notice over the judgment of conviction. *See United States v. Vann,* 660 F.3d 771, 776 n. 6 (4th Cir.2011). Accordingly, we vacate Yancey's sentence, in part, and remand the matter to the district court so it may determine, in the first instance, whether Yancey's September 13th conviction remains a proper career offender predicate offense after *Simmons.*[FN2]

> FN2. By this disposition, we intimate no view as to whether Yancey remains a career offender after *Simmons.*

**2 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; VACATED IN PART; AND REMANDED.*

C.A.4 (N.C.),2012.

U.S. v. Yancey
463 Fed.Appx. 202, 2012 WL 313752 (C.A.4 (N.C.))
END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.